UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH COOPER,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants. | Case No. 20-cv-02151-EMC<br><br>**ORDER DISMISSING COUNT 1**<br><br>Docket Nos. 31-32 |

Previously, the Court deferred ruling on Count 1 of the operative complaint and ordered the parties to provide supplemental briefing. *See* Docket No. 30 (minutes). The briefing has now been provided. Having considered such, the Court hereby dismisses Count 1 with prejudice.

In Count 1, Ms. Cooper claims that Wells violated § 2923.6 because it recorded a notice of trustee's sale while her appeal was still pending. Wells argues that it did deny her appeal before recording the notice of sale and, even if Ms. Cooper did not get the letter denying her appeal back when it was first issued, she has now seen the letter (if only by virtue of this lawsuit) – and *before* any trustee's sale has actually taken place. Wells notes that, under California Civil Code § 2924.12(c), "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of the trustee's deed upon sale, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of the trustee's deed upon sale." Cal. Civ. Code § 2924.12(c).

Ms. Cooper argues that she still has a valid claim because "[t]he only way to remedy [the HBOR] violation is to rescind the offending document" – *i.e.*, the notice of sale – which Wells has not done. Pl.'s Supp. Br. at 2. The district court cases that Ms. Cooper has cited, however, are not

on point because they concern notices of default, and not notices of sale.[1]  In the instant case, the Court sees little point in rescinding the notice of sale because the notice provided that a sale would take place on March 19, 2020 – a date that is well in the past.  If Wells wishes to sell the real property in the future, it will – presumably – have to issue a new notice of trustee's sale.

Moreover, the Court notes that Ms. Cooper has sought only injunctive relief for the alleged violation.  *See* FAC ¶ 54.  The point of injunctive relief would be to preserve Ms. Cooper's opportunity to be considered for a loan modification or other foreclosure alternative.  *See Gonzales v. CitiMortgage, Inc.*, No. C-14-4059 EMC, 2015 U.S. Dist. LEXIS 71949, at *12 (N.D. Cal. June 3, 2015).  Here, Wells has considered Ms. Cooper for a loan modification or other foreclosure alternative, and this will have preceded any sale which might take place hereafter.

**IT IS SO ORDERED**.

Dated: June 30, 2020

_____
EDWARD M. CHEN
United States District Judge

---

[1] Although Ms. Cooper also cites two superior court cases (apparently unpublished), she has not provided copies of those cases for the Court to consider.