1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ELIZABETH COOPER,                        Case No.  20-cv-02151-EMC

8                   Plaintiff,

9         v.                                  **ORDER GRANTING DEFENDANT'S
                                              MOTION TO DISMISS SECOND
10   WELLS FARGO BANK, N.A.,                  AMENDED COMPLAINT**

11                  Defendant.                Docket No. 35

12

13

14        Plaintiff Elizabeth Cooper has filed a foreclosure-related suit against Defendant Wells

15   Fargo.  Currently pending before the Court is Wells's motion to dismiss the second amended

16   complaint ("SAC").  Having considered the parties' briefs and accompanying submissions, as well

17   as the oral argument of counsel, the Court hereby **GRANTS** the motion to dismiss.

                                    **I.      DISCUSSION**

19   A.    Legal Standard

20        Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain

21   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

22   complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil

23   Procedure 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss

24   after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic

25   Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . .

26   . suggest that the claim has at least a plausible chance of success.'"  *Levitt v. Yelp! Inc.*, 765 F.3d

27   1123, 1135 (9th Cir. 2014).  The court "accept[s] factual allegations in the complaint as true and

28   construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St.*

United States District Court
Northern District of California

1    *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  But "allegations in a

2    complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient

3    allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

4    effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted).  "A claim has facial

5    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

6    inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The

7    plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

8    possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

9         In the instant case, Wells moves to dismiss all three causes of action pled in the SAC.

10   **B.**     <u>Violation of California Civil Code § 2923.6(f) (Count 2)</u>

11         In the second cause of action, Ms. Cooper asserts a violation of California Civil Code §

12   2923.6(f).  Section 2923.6(f) provides in relevant part as follows:

> (f) Following the denial of a first lien loan modification application,
> the mortgage servicer shall send a written notice to the borrower
> *identifying the reasons for denial*, including the following:
>
> . . .
>
> (2) *If the denial was based on investor disallowance*, the specific
> reasons for the investor disallowance.
>
> (3) *If the denial is the result of a net present value calculation*,
> the monthly gross income and property value used to
> calculate the net present value and a statement that the
> borrower may obtain all of the inputs used in the net present
> value calculation upon written request to the mortgage
> servicer.
>
> . . . .

22   Cal. Civ. Code § 2923.6(f) (emphasis added).

23         According to Ms. Cooper, Wells's denial of her application for loan modification was in

24   violation of § 2923.6(f) because, in the denial, Wells did not "disclose the basis for the denial[s]."

25   SAC ¶ 64.  Ms. Cooper notes in particular that information regarding investor disallowance and

26   net present value calculation ("NPV") is not included in the denial letters.  *See* SAC ¶¶ 65-66.

27         The Court holds that Ms. Cooper has failed to allege a plausible claim for relief.  First,

28   Wells did state the basis of its denial.  In its letter from November 2019, Wells explicitly stated

2

United States District Court
Northern District of California

1  that it was not giving relief to Ms. Cooper because, "[b]ased on the documentation you provided,

2  we are unable to create an affordable mortgage payment that still meets the requirements of the

3  program.  We reached this decision by reviewing your monthly income, which is calculated as

4  $23,016.00, along with reviewing the other information you provided." Def.'s RJN, Ex. D.  The

5  specified program was the Proprietary Step Program.

6        Second, to the extent Ms. Cooper claims that the denial was still deficient because it did

7  not provide information related to investor disallowance, there is nothing in the denial letter to

8  indicate that Wells denied relief because of investor disallowance.  Nor are there any allegations in

9  the SAC from which it could reasonably be inferred that investor disallowance was the basis for

10  the denial, in spite of what Wells stated in its letter.

11        Similarly, to the extent Ms. Cooper claims the that the denial was deficient because it did

12  not provide NPV information, there is nothing in the letter to indicate that Wells denied relief

13  based on a NPV calculation.  A NPV calculation focuses on the value of the property.  Nothing

14  about the value of the property is referenced in the letter.  Ms. Cooper asserts that, implicitly, there

15  was a NPV calculation because Wells Fargo referred to her monthly income.  But Wells fairly

16  points out that a borrower's monthly income will always be a consideration in any loan

17  modification application situation.  At the end of the day, nothing in California's HBOR requires a

18  lender to make a NPV calculation when assessing a loan modification application and nothing in

19  the SAC suggests that Wells must have done a NPV calculation in spite of what it stated in its

20  letter.

21  C.     <u>Violation of California Civil Code § 2923.7 (Count 1)</u>

22        Section 2923.7 concerns the appointment of a SPOC by the mortgage services.  The statute

23  states in relevant part as follows:

24            (a)     When a borrower requests a foreclosure prevention
25                         alternative, the mortgage servicer shall promptly establish a
                       single point of contact and provide to the borrower one or
26                         more direct means of communication with the single point of
                       contact.

27            (b)     The single point of contact shall be responsible for doing all
                       of the following:

28

(1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.

(2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.

(3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.

(4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.

(5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

(c) The single point of contact shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted or the borrower's account becomes current.

Cal. Civ. Code § 2923.7.

In the instant case, Ms. Cooper seems to have two major complaints about the SPOC. The first complaint relates to the notice of default. Ms. Cooper alleges that, in September 2019, the SPOC advised Ms. Cooper to submit documents to see if she qualified for a Home Preservation program but, "[b]efore Plaintiff could gather and submit the documents [requested for consideration in the program], WELLS FARGO recorded a Notice of Default . . . ." SAC ¶ 50. The problem with this complaint is that it is more about dual-tracking which is covered by a different HBOR provision (§ 2923.6).

Ms. Cooper's second complaint about the SPOC relates to the notice of trustee's sale. According to Ms. Cooper, she did not receive any letter from Wells denying her appeal prior to the time that Wells issued the notice of trustee's sale in February 2020; furthermore, when she contacted the SPOC, the SPOC told her that the appeal was in fact still pending. Because Wells has taken the position in this litigation that it had in fact denied her appeal before it issued the notice of trustee's sale, Ms. Cooper might have enough to support a violation of § 2923.7 – specifically, subsection (b)(3) which requires that an SPOC have "access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the *current*

United States District Court
Northern District of California

1    *status* of the foreclosure prevention alternative." Cal. Civ. Code § 2923.7(b)(3) (emphasis added).

2        That being said, in order to get injunctive relief, Ms. Cooper must demonstrate a *material*

3    violation of the § 2923.7(b)(3). *See* Cal. Civ. Code § 2924.12(a)(1) (providing that, "[i]f a

4    trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive

5    relief to enjoin a material violation of [*inter alia*] Section . . . 2323.6 [and] 2923.7"). Here, even if

6    the SPOC was mistaken about the current status of the foreclosure alternative, Wells has now

7    clearly denied her relief. At the hearing, Ms. Cooper suggested for the first time that the HBOR

8    violation was material because, if the SPOC had timely given her correct information, she could

9    have at that time have filed for bankruptcy or filed a new loan modification application. But the

10   SAC contains none of these allegations. There is no allegation that she could or would have done

11   things differently and with effect. At the hearing, Ms. Cooper suggested that she could make such

12   allegations if given permission to file a third amended complaint. However, Ms. Cooper has

13   already been given several opportunities to amend.

14       Accordingly, the Court concludes that Ms. Cooper has failed to allege a plausible claim for

15   relief and declines to give Ms. Cooper an opportunity to amend.

16   D.    Violation of California Business & Professions Code § 17200 (Count 3)

17       Ms. Cooper's final cause of action is a § 17200 claim. The parties agree that the § 17200

18   claim is derivative of the first two causes of action discussed above. Therefore, because Ms.

19   Cooper has failed to state a claim for relief with respect to the first two causes of action, she has

20   also failed to state a claim for relief here.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## II.    CONCLUSION

For the foregoing reasons, the Court grants Wells's motion to dismiss.  The dismissal is with prejudice.  The Clerk of the Court is ordered to enter a final judgment in accordance with this opinion and close the file in this case.

This order disposes of Docket No. 35.


**IT IS SO ORDERED**.


Dated: September 25, 2020

_____
EDWARD M. CHEN
United States District Judge